RECEIVED
IN ALEXANDRIA, LA

NOV - 3 2009

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

DONNA GUILLORY
        Appellant

CIVIL ACTION
NO. 2:08-cv-00773

VERSUS

MICHAEL J. ASTRUE
COMMISSIONER OF SOCIAL SECURITY
        Appellee

JUDGE JAMES T. TRIMBLE, JR.
MAGISTRATE JUDGE JAMES D. KIRK

REPORT AND RECOMMENDATION

Donna Guillory ("Guillory") filed an application for Supplemental Security Income ("SSI") on September 22, 2003. In her application, she set forth a disability due to lung problems, diabetes and a thyroid condition. (R. 86, 51). The claim was initially denied and Guillory timely filed a request for hearing before an Administrative Law Judge ("ALJ"). (R.51-54).

ALJ, Philip R. Kline, conducted a hearing from Houston, Texas via video conference on July 25, 2006. Present in Lake Charles, Louisiana were Guillory and her attorney, Larry E. Pichon. On September 12, 2006, the ALJ issued a decision finding Guillory was capable of doing a full range of light work and, therefore, was not disabled. (R. 12-21). Guillory sought review by the Appeals Council but review was declined on March 27, 2008. (R. 6-8). Accordingly, the ALJ's decision became the final decision of the Commissioner of Social Security ("the Commissioner").

Guillory filed the instant action seeking judicial review of

the Commissioner's decision.

To qualify for SSI under Title II of the Social Security Act, a claimant must file an application and be an "eligible individual" as defined in the Act. 42 U.S.C. §1381(a). Eligibility is dependent upon disability, income and other financial resources. 42 U.S.C. 1382(a). To establish disability, a claimant must demonstrate a medically determinable physical or mental impairment that can be expected to last for a continuous period of not less than twelve (12) months. Claimant must also show that the impairment precludes performance of the work previously done, or any other kind of substantial gainful employment that exists in the national economy. 42 U.S.C. 1382(a)(3).

                    SUMMARY OF PERTINENT FACTS

At the time of the hearing, Guillory was 35 years old. Evidence in the record indicates that she finished the eleventh grade in regular classes. (R. 108). She testified that she sought and obtained employment on several occasions but was unable to maintain the jobs because of chronic pain and an inability to concentrate. Her most recent employment was as housekeeper with the Isle of Capri Casino hotel but she only maintained the job for two days. Prior to that, she held the position of cashier at Lowes, Market Basket and Albertsons. Of those jobs, only the one at Lowes lasted more than a month. (R. 463).

Guillory testified that her husband and teenage children

helped her with household chores and her one year old child. However, she was able to care for herself and can occasionally wash her own dish. (R. 464).

Guillory testified as to her impairments advising that she suffered from thyroid disease, nerve damage on her left side resulting from the thyroid disease, diabetes, a hiatal hernia and depression. She advised that when her depression set in, she is unable to do anything. She could not state, on average, how many days of the week were bad days, but she said there were more bad days than good. She further stated that she spent four to six hours a day resting. (R. 465-467).

The ALJ issued his decision on September 12, 2006. In it, he found that Guillory had not engaged in substantial gainful activity since the alleged onset of disability. He also found that her severe impairments included: hypertension, a history of complete thyroidectomy, Graves' disease and diabetes mellitus. However, none of these impairments, either on their own or in combination, met a Listing in Appendix 1, Subpart P, Regulation No. 4. The ALJ also found Guillory's allegations regarding her limitations not credible. Accordingly, he determined she possessed the residual functional capacity to perform a full range of light work and a finding of not disabled was directed by Medical-Vocational Rule 201.17. As Guillory did not meet the definition of disability at any time through the date of the decision, she was found not

-3-

disabled. (R. 20).

Guillory appealed the decision and provided additional evidence to the Appeals Council. (R. 450). Specifically, she provided a copy of a psychological evaluation report from Lawrence S. Dilks, Ph.D. ("Dr. Dilks") who evaluated Guillory on April 11, 2007. (R. 451-458). According to the report, Guillory was referred to Dr. Dilks by Louisiana Rehabilitation Services.[1] Dr. Dilks administered numerous tests and opined that he found the results to be reliable and valid based upon the character and coherency of her responses, her spontaneous comments and behavior. Ultimately, Dr. Dilks found Guillory suffered from depression secondary to multiple medical problems, generalized anxiety disorder without agoraphobia and a moderate pain disorder with psychological and physiological features. He also found that she had borderline intellectual functioning. (R. 455-456).

### Standard of Review

In considering Social Security appeals such as the one presently before the Court, the Court is limited by 42 U.S.C. §405(g) to a determination of whether substantial evidence exists

---

[1] According to their website, Louisiana Rehabilitation Services is a part of the Louisiana Department of Social Services who "assists persons with disabilities in their desire to obtain or maintain employment and/or achieve independence in their communities by providing rehabilitation services and working cooperatively with businesses and other community resources." See, http://www.dss.state.la.us/index.cfm?md=pagebuilder&tmp=home&nid=12&pnid=0&pid=72&catid=0

in the record to support the Commissioner's decision and whether the decision comports with relevant legal standards.  McQueen v. Apfel, 168 F.3d 152, 157 (5th Cir. 1999).  For the evidence to be substantial, it must be relevant and sufficient for a reasonable mind to support a conclusion; it must be more than a scintilla but need not be a preponderance.  Falco v. Shalala, 27 F.3d 160, 162 (5th Cir. 1994), citing Richardson v. Perales, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971).  Finding substantial evidence does not involve a simple search of the record for isolated bits of evidence which support the Commissioner's decision but must include a scrutiny of the record as a whole.

A court reviewing the Commissioner's decision may not retry factual issues, re-weigh evidence, or substitute its judgment for that of the fact-finder.  Fraga v. Bowen, 810 F.2d 1296, 1302 (5th Cir. 1987); Dellolio v. Heckler, 705 F.2d 123, 125 (5th Cir. 1983). The resolution of conflicting evidence and credibility choices is for the Commissioner and the ALJ, rather than the court.  Allen v. Schweiker, 642 F.2d 799, 801 (5th Cir. 1981).  Also, Anthony v. Sullivan, 954 F.2d 289, 295 (5th Cir. 1992).  The court does have authority, however, to set aside factual findings which are not supported by substantial evidence and to correct errors of law. Dellolio, 705 F.2d at 125.  However, to make a finding that substantial evidence does not exist, a court must conclude there is a "conspicuous absence of credible choices" or "no contrary medical

evidence." <u>Johnson v. Bowen</u>, 864 F.2d 340 (5th Cir. 1988);
<u>Dellolio</u>, 705 F.2d at 125.

ISSUES

Guillory raised the following issues for appellate review:

1.   The ALJ failed to evaluate claimant's impairments in the aggregate;

2.   Substantial evidence supports a conclusion that the plaintiff meets listing 12.05(c); and

3.   The ALJ's use of the Medical-Vocational Guidelines, Rule 201.09 was erroneous as a matter of law.

DISCUSSION

<u>Evaluation of Impairments</u>

Guillory asserts that the ALJ ignored or improperly discounted her account of pain. "Whether pain is disabling is an issue for the ALJ, who has the primary responsibility for resolving conflicts in the evidence." <u>Chambliss v. Massanari</u>, 269 F.3d 520, 522 (5th Cir. 2001). The evaluation of a claimant's subjective symptoms is a task particularly within the province of the ALJ who has had an opportunity to observe whether the person seems to be disabled. <u>Loya v. Heckler</u>, 707 F.2d 211, 215 (5th Cir. 1983). The ALJ's decision on the severity of pain is entitled to considerable judicial deference. <u>James v. Bowen</u>, 793 F.2d 702, 706 (5th Cir. 1986); <u>Jones v. Bowen</u>, 829 F.2d 524, 527 (5th Cir. 1987). Such a credibility determination is within the province of the ALJ. <u>Carrier v. Sullivan</u>, 944 F.2d 243, 247 (5th Cir. 1991); <u>Wren v. Sullivan</u>, 925 F.2d 123, 128-29 (5th Cir. 1991). Hence, the law

-6-

requires the ALJ to make affirmative findings regarding a claimant's subjective complaints and articulate his reasons for rejecting any subjective complaints. <u>Falco v. Shalala</u>, 27 F.3d 162, 163-64 (5th Cir. 1994).

The ALJ stated in his decision that he was required to consider Guillory's subjective complaints of pain and, in fact, did so. Specifically, he wrote:

> In reaching a final conclusion regarding the claimant's residual functional capacity, her subjective complaints and testimony were taken into consideration and evaluated in accordance with Section 416.929 of Social Security Regulations No. (20 CFR §416.929) which incorporates Social Security Ruling 88-13 (Cumulative Edition, 1988) and 90-1p (Cumulative Edition, 1990-1991), restated and clarified in Social Security Ruling 96-7p.

(R. 16). The ALJ went on to state that Guillory testified she has a lot of nerve damage to her left side and experiences pain and tingling which sometimes prevents her from picking up a cup of coffee. However, medical records revealed that she did not have any neurological deficits and the radiological findings of her lumbar spine were within normal limits. The ALJ also noted that during the doctors visit where she specifically complained of complaints of tenderness, the doctor noted Guillory was "moving to avoid his exam." (R. 16, 206).

The ALJ in this case made the mandatory indication of the basis for his credibility choices concerning Guillory's complaints. Because his choices are not unreasonable, his finding that her testimony regarding chronic pain lacked credibility is proper.

-7-

Accordingly, this argument is without merit.

Listing 12.05(c)

Guillory contends because she has a performance and full scale IQ of 70, she should meet Listing 12.05(c).  However, in order to meet this Listing, one must prove more than an IQ score.

Listing 12.05 provides in pertinent part:

Mental retardation refers to significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period: i.e. the evidence demonstrates or supports onset of the impairment before age 22.

The required level of severity for this disorder is met when the requirements in A, B, C or D are satisfied.

C.  A valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function.

20 C.F.R. Pt. 404; Subpt. P, App. 2, Listing 12.05.

The only evidence submitted by Guillory in support of her allegation she meets Listing 12.05(c) is her WAIS-III scores.  She fails to show either deficits in adaptive functioning which manifested before the age of 22 or a physical or mental impairment imposing additional and significant work-related limitation of function.  While she alleges an inability to work due to impairments of asthma, breathing problems, a punctured lung, diabetes, hyperthyroidism resulting in removal of her thyroid, Graves' disease, hypertension and mental problems including panic attacks, anxiety disorder and depression she provides nothing in

-8-

support.

In a well reasoned decision, the ALJ noted that none of these impairments prevented Guillory from working.  He noted that the medical evidence indicated her hypertension and diabetes were both well controlled and her Graves' disease and thyroid problems were controlled with medications.  Her alleged respiratory problems were likewise not a problem after September of 2002 as follow up treatment notes showed  her respiratory exams were unremarkable. Other medical evidence indicated her lungs were clear on a December 2003 visit with Dr. Ritter; she smoked at least one pack of cigarettes a day; and radiological findings in June of 2004 showed no evidence of acute disease in the chest. Finally, with respect to anxiety and depression, the ALJ noted that the objective medical evidence did not support a finding these impairments were severe as there was an absence of ongoing subjective complaints, treatment secondary to depressive symptoms, panic attacks or hospitalizations due to a psychiatric condition.  (R. 14, 16-17).

As Guillory fails to prove either manifestation of deficits in adaptive functioning before age 22 or an additional impairment limiting her ability to work, she does not meet Listing 12.05(c).

Use of the Medical-Vocational Guidelines

When the ALJ found that Guillory had no past relevant work, the burden shifted to the Commissioner to show that she could perform other work in the national economy. Jones v. Heckler, 702

F.2d 616, 620 (5th Cir. 1983). The law provides that the Commissioner can meet that burden if he can prove that Guillory's residual functional capacity, age, education and previous work experience match those set out in any "Rule" of the Medical-Vocational Guidelines found in 20 C.F.R. Pt. 404, Subpt. P, App. 2 ("the grids") that directs a conclusion that the claimant is not disabled. Sec. 200.00(a) of Appendix 2 states this as follows:

> Where the findings of fact made with respect to a particular individual's vocational factors and residual functional capacity coincide with all of the criteria of a particular rule, the rule directs a conclusion as to whether the individual is or is not disabled.

The U.S. Supreme Court has upheld the use of these Guidelines by the Commissioner in lieu of calling a vocational expert to testify. Heckler v. Campbell, 461 U.S. 458, 103 S.Ct. 1952, 76 L.Ed.2d 66 (1983). Also, Harrell v. Bowen, 862 F.2d 471, 478 (5th Cir. 1988). However, the Guidelines may not be applied when a claimant suffers solely from a nonexertional impairment. Pate v. Heckler, 777 F.2d 1022, 1026 (5th Cir. 1985), citing Martin v. Heckler, 748 F.2d 1027, 1034-35 (5th Cir. 1984). Also, Broussard v. Bowen, 828 F.2d 310, 313 (5th Cir. 1987); Fields v. Bowen, 805 F.2d 1168, 1170 (5th Cir. 1986).

The Fifth Circuit has consistently held that once the ALJ determines that a claimant suffers from a nonexertional impairment that prevents him from performing past relevant work, the Commissioner must produce expert vocational testimony or other

similar evidence to establish that other jobs exist in the national economy that the claimant can perform. Fields, 805 F.2d at 1170, and cases cited therein.

Guillory contends that she suffers from anxiety and depression which are nonexertional impairments.[2] As noted above, the ALJ did not find anxiety and/or depression to be severe impairments affecting her ability to work. Though there is evidence in the record that Guillory was diagnosed with anxiety and/or depression, none of the evidence supports a finding that either or both conditions impacted her ability to work during the relevant time period, September 22, 2003 through September 12, 2006.

The ALJ properly discounted the weight of the September 22, 2004 letter provided by Yvonne Krielow CFNP noting treatment of anxiety with Paxil. (R. 253). This statement was provided by a nurse practitioner who, according to 20 C.F.R. §416.913(a), is not an acceptable medical source to establish an impairment.

There is a medical record from March 13, 2003 reflecting a complaint, diagnosis and prescribed treatment for anxiety. (R. 210). However, the undersigned cannot find another reference by that doctor or any other acceptable medical source regarding Guillory complaining of, being diagnosed with or receiving treatment for anxiety until the April 2007 psychological evaluation

---

[2] Guillory does not assert in her brief that she suffered from the nonexertional impairment of mental retardation, but even if she did, this would not be considered as she failed to prove she met Listing 12.05(c).

by Dr. Dilks.

In that report, Dr. Dilks indicates Guillory suffers from depression secondary to multiple medical problems and generalized anxiety disorder without agoraphobia. The problem with this evidence is that it relates to that time period, April of 2007, not the time period at issue. Though there is a notation in the report that Guillory complains of frequent episodes of anxiety within the past six months, the examination was conducted seven months after the ALJ issued his decision. Therefore, the report lacks any information regarding the existence of anxiety and depression, much less anxiety and depression which impacts her ability to work, during the relevant time period.

Substantial evidence supports the ALJ's decision that these alleged mental impairments were not severe and did not affect Guillory's ability to work. Therefore, the ALJ did not err by using the grids to ultimately determine she was not disabled.

<u>Conclusion</u>

Based on the foregoing discussion, IT IS RECOMMENDED that Guillory's appeal be DENIED and that the final decision of the Commissioner be AFFIRMED.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's

-12-

objections within **ten (10) days** after being served with a copy thereof.   A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing.   Timely objections will be considered by the district judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Alexandria, Louisiana, on this 3rd day of November, 2009.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE

-13-